Abdur v. Garland

BIA
Christensen, IJ
A206 271 630

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand twenty-one.

PRESENT:
>JON O. NEWMAN,
>JOHN M. WALKER, JR.,
>SUSAN L. CARNEY,
>>*Circuit Judges.*

---

RAHIM ABDUR, AKA ABDUR RAHIM,
>*Petitioner,*

>v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>*Respondent.**

18-1726
NAC

---

FOR PETITIONER:              Khagendra Gharti-Chhetry, Esq.,
                             New York, NY.

---

* Pursuant to Fed. R. App. P. 43(c)(2), Merrick B. Garland is automatically substituted for former Attorney General William P. Barr.

**FOR RESPONDENT:**     Joseph H. Hunt, Assistant Attorney General; Russell J. E. Verby, Senior Litigation Counsel; John D. Williams, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rahim Abdur, a native and citizen of Bangladesh, seeks review of a May 9, 2018 decision of the BIA affirming a June 6, 2017 decision of an Immigration Judge ("IJ") denying Abdur's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rahim Abdur,* No. A 206 271 630 (B.I.A. May 9, 2018), *aff'g* No. A 206 271 630 (Immig. Ct. N.Y. City June 6, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76

2

(2d Cir. 2018) (reviewing adverse credibility determination under a substantial evidence standard). The trier of fact may base its credibility determination on, among other things, "the consistency between the applicant's or witness's written and oral statements . . . the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

On review, we conclude that substantial evidence supports the agency's adverse credibility determination. The agency reasonably relied on inconsistencies between Abdur's statements at his credible fear interview and his subsequent application and testimony in making its adverse credibility finding. Although "adverse credibility determinations based on 'discrepancies' with a credible fear interview should be examined with care," if the interview record "displays the hallmarks of reliability, it appropriately can be considered

3

in assessing an alien's credibility." *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009) (citing *Ramsameachire v. Ashcroft*, 357 F.3d 169, 180 (2d Cir. 2004)). "Hallmarks of reliability" include whether the interview record includes a typewritten list of questions and answers, whether the record demonstrates that the applicant understood the questions and reflects questions about past harm or fear of future harm, and whether it was conducted with an interpreter. *Id.*

The record of Abdur's credible fear interview was sufficiently reliable. The "hallmarks of reliability" listed in *Ming Zhang* are present here: the interview was conducted in Bengali with an interpreter; it is memorialized in a question-and-answer format; the questions posed were designed to elicit details of an asylum claim; and Abdur's responses indicated that he generally understood the questions posed to him. *See id.*

Abdur argues that the record is not reliable because he did not understand the questions posed and that he was confused, stressed, and reluctant to open up to officials because he was a victim of human rights abuses. At the interview, however, Abdur stated that he understood the

4

interpreter. Further, the interview record does not reflect that he was reluctant to reveal information, and the asylum officer informed him that what he said would be kept confidential. Moreover, although Abdur gave confusing responses, the agency was not required to interpret these responses as reflecting a lack of comprehension rather than as an indication that he was fabricating a claim. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("[W]here there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous."). Additionally, Abdur did not challenge the asylum officer's summary of his statements at the end of the interview or pose any questions about the summary when asked. Finally, at the hearing, his counsel did not object when the IJ admitted the interview record into evidence.

Because the agency was entitled to rely on the interview record, substantial evidence supports its adverse credibility determination based on the inconsistencies between Abdur's initial statements in the interview and his subsequent claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). First, at the interview Abdur stated that he received threatening calls but was

otherwise not harmed. In his application and testimony, however, he alleged that he was the subject of two assaults by members of a rival political party. Second, during the interview, Abdur stated that he had not been harmed or threatened before January 9, 2012. In his application and testimony, however, he identified the first assault as having occurred in December 2011. Third, Abdur's testimony was inconsistent with his credible fear interview regarding whether he sought assistance from the police. The IJ was not required to accept Abdur's explanation that he did not understand the interview questions, because Abdur stated during the interview that he understood the interpreter. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citations omitted)). These inconsistencies relate directly to the alleged incidents of past persecution and thus provide substantial evidence for the adverse credibility determination. *See Xian Tuan Ye v. Dep't of Homeland Sec.,*

446 F.3d 289, 295 (2d Cir. 2006) (holding that "a material inconsistency in an aspect of [the applicant]'s story that served as an example of the very persecution from which he sought asylum" can provide substantial evidence for an adverse credibility ruling (quoting *Majidi*, 430 F.3d at 80)).

Finally, the agency reasonably determined that Abdur did not rehabilitate his credibility with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The IJ did not err in giving diminished weight to affidavits and letters presented by Abdur from individuals in Bangladesh who were not subject to cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence" and upholding BIA's decision not to credit letter from applicant's spouse); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished weight to

letters from friends and relatives because they were from interested persons not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

In light of the inconsistencies relating to Abdur's alleged instances of past persecution and the lack of reliable corroboration, we conclude that substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. Because they all rest on the same factual predicate, the adverse credibility determination is dispositive of Abdur's requests for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8